Filed 4/2/24  P. v. Savary CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KEFFIER HORACE SAVARY,<br><br>    Defendant and Appellant. | B333620<br><br>(Los Angeles County<br>Super. Ct. No. KA083613-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review this appeal of an order denying appellant's petition for resentencing brought under Penal Code[1] section 1172.6. We affirm.

## BACKGROUND

In 2012, a jury convicted appellant Keffier Savary of first degree murder with enhancements for personal use of and discharge of a firearm causing great bodily injury and death during commission of the offense. (§§ 187, subd. (a), 12022.53, subds. (b), (c) & (d).) Under a different case number, KA094210, a second jury convicted appellant of witness intimidation and conspiracy to commit murder. (§§ 182, subd. (a)(1), 136.1, subd. (a)(1).) On February 28, 2013, the court sentenced appellant to an aggregate term of 77 years to life on all counts of conviction.

In 2023, Savary filed a petition for resentencing on the murder conviction pursuant to section 1172.6. The trial court appointed counsel to represent Savary. The People opposed the petition, arguing that the jury was not instructed on any theory of culpability that imputed malice to appellant based solely on his participation in a crime. Nor was the jury instructed on aiding and abetting. He was prosecuted as the actual killer who acted with actual malice. Attached to the People's opposition are the instructions given to the jury in the murder case.

On August 17, 2023, the trial court denied the petition, ruling that appellant had not made a prima facie case for resentencing because he had not been prosecuted for murder on a now-invalid theory of guilt and he "was prosecuted as the actual

---

[1]     Further statutory references are to the Penal Code.

2

perpetrator who acted with actual malice." Savary timely appealed.

For context only, we recount the facts of the convictions from our opinion in Savary's direct appeal: In 2008, Savary killed Harrison Smith, who was having an affair with Savary's estranged wife. While in custody for the 2008 murder, Savary attempted to dissuade his wife from testifying and conspired with his girlfriend to have his wife and another witness killed. (*People v. Savary* (Feb. 3, 2015, B247512) [nonpub. opn.].)

On January 8, 2024, we appointed counsel to represent Savary on appeal. On February 1, 2024, counsel filed a no-issue brief pursuant to *People v. Delgadillo*. Counsel advised us he had told appellant he may file his own supplemental brief within 30 days. Counsel sent Savary transcripts of the record on appeal as well as a copy of the brief.

On February 1, 2024, this court sent Savary notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On March 4, 2024, Savary filed a supplemental brief, in which he contends: 1) he was convicted with false evidence and prosecutorial misconduct; 2) the prosecutor stole his property and used it as payment to pay off a false witness; 3) the entire conviction is fraudulent; 4) the prosecutor hid the crime of grand theft and misappropriation of his property from the jury and the defense; and 5) the jury was instructed on imputed malice.

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for liability for murder (and later, attempted murder). It also limited the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957) (*Lewis*).) Petitions for resentencing carry out the intent of Senate Bill No. 1437, which was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis*, at p. 967.) Petitions under section 1172.6 address convictions where a defendant was not the shooter, but was held vicariously liable on one of several theories of liability nullified by the statute.

The trial court is entitled to review the record of conviction and deny a resentencing petition without holding an evidentiary hearing if the record establishes ineligibility for resentencing as a matter of law. (*Lewis, supra*, 11 Cal.5th at p. 970–971.)

Savary's first four contentions challenge misconduct which allegedly occurred at his trial. An appeal from a post-judgment petition for resentencing under section 1172.6 is not a vehicle to raise unrelated claims of error allegedly committed by the trial court; it is not another opportunity to challenge the original judgment on new grounds. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [the mere filing of a section 1172.6 petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings]; *People v. Allison* (2020) 55 Cal.App.5th 449, 461 [a petition for resentencing does not

4

provide a do-over on factual disputes that have already been resolved], disapproved on another ground in *People v. Strong* (2022) 13 Cal.5th 698, 718, fn. 3.) Thus, section 1172.6 does not afford a retrial on every element of a conviction for murder. Rather, Savary must allege facts which, if true, would demonstrate that he could not presently be convicted of murder "because of changes to section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) The first four contentions alleging trial court error do not satisfy this requirement.

Savary's fifth contention is that the jury was improperly instructed on imputed malice. We reject this contention as well. Vicarious liability and imputed malice were not theories presented to the jury. The jury was not instructed on the natural and probable consequences doctrine, the felony murder rule, any theory of aiding and abetting or any other theory of liability for murder based on participation in a different crime. Nor was the jury instructed on imputed malice. Instead, the jury was instructed on murder with malice aforethought and first degree murder. (CALCRIM No. 520 and 521.) These instructions included explanations of express and implied, not imputed, malice. In light of the instructions, Savary is not eligible for relief under section 1172.6 as a matter of law. (*Lewis, supra*, 11 Cal.5th at p. 957; *People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law"].)

Finally, without stating any reasons, Savary asks us to remove and replace appellate counsel. In effect, he appears to be invoking the rule of *People v. Marsden* (1970) 2 Cal.3d 118

(*Marsden)*.) *Marsden* established that a defendant is entitled to appointment of new counsel if the record clearly shows current appointed counsel is not providing adequate representation or defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result. (*People v. Zendejas* (2016) 247 Cal.App.4th 1098, 1108.) The rule of *Marsden* is "grounded in the constitutional right to effective counsel" under the Sixth Amendment of the United States Constitution. (*People v. Dennis* (1986) 177 Cal.App.3d 863, 869.) "Criminal defendants have a right to the effective assistance of counsel on the first appeal granted as a matter of right from a criminal conviction." (*Delgadillo, supra,* 14 Cal.5th at p. 224.)

An appeal from the denial of a petition for resentencing is not a first appeal as of right and there is no constitutional right to effective assistance of counsel on appeal from resentencing appeals. (*Delgadillo, supra*, 14 Cal.5th at p. 227, fn. omitted ["there is no federal constitutional right to counsel under subdivision (c) of section 1172.6, and the right to counsel at that point in the proceedings is purely statutory. Given there is no constitutional right to counsel in a proceeding under section 1172.6, subdivision (c), it would 'defy logic' to conclude there is a constitutional right to counsel 'to appeal [that] state collateral determination.' "].) Absent a constitutional right to appointed counsel, there is no basis for a *Marsden* hearing.

We are not required to independently review the record and we decline to do so. (*Delgadillo, supra*, 14 Cal.5th at p. 226.)

## DISPOSITION

The order denying the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:



GRIMES, J.



WILEY, J.